UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 10-10177-NMG |
| WILLIAM MARK CATALDO, | ) ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION
ON DEFENDANT'S § 2255 MOTION

April 12, 2013

SOROKIN, C.M.J.

The Court sentenced petitioner William Cataldo on July 14, 2011 to ninety-five months imprisonment. Doc. No. 52. The United States Court of Appeals for the First Circuit affirmed his sentence on August 13, 2012, Doc. No. 97, and his conviction became final on November 11, 2012, upon the expiration of the period for him to seek certiorari review of the First Circuit's decision. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13(1).

On June 8, 2012, before his conviction became final and within one year of his sentencing, Cataldo filed a motion pursuant to 28 U.S.C. § 2255 asking the Court to vacate his sentence and to impose a new revised sentence. Doc. No. 91. As grounds therefor, Cataldo asserts that the Massachusetts state court has vacated one of his prior state convictions, albeit after his federal sentencing. Id. at 2. This conviction originally resulted in Cataldo receiving one criminal history point for purposes of the United States Sentencing Guidelines, moving him from Criminal History Category III to Criminal History Category IV. The government "agrees that Cataldo's prior sentence must be reconsidered, but disagrees that re-sentencing is necessary,"

contending instead that Cataldo's sentence should remain the same.  Doc. No. 99 at 1.  "It is the government's position that the Court need not vacate the original sentence if it intends to reaffirm that sentence, so long as it makes a clear record that it has considered, but rejected, defendant's argument that he is entitled to a different sentence."  Id. at 12 n.5.

The parties' combined assertion that the Court must reconsider Cataldo's sentence is correct.  In United States v. Mateo, the First Circuit held that "it is immaterial that the relief sought [i.e., resentencing], based on the subsequent state court orders [vacating a conviction on constitutional grounds], came after [the defendant's] original and, when pronounced, perfectly correct, federal sentence."  398 F.3d 126, 134-35 (1st Cir. 2005).  The Court went on to explain that a state-court order for a new trial based upon a violation of a defendant's right to enter a knowing and voluntary plea is "of constitutional dimension," and is therefore "a claim cognizable under § 2255 on the basis of which a district court may properly reopen a federal sentence."  Id. at 135.  Judge O'Toole has noted the continued viability of Mateo.  See United States v. Roberson, 684 F. Supp. 2d 179, 184-85 (D. Mass. 2010).[1]

Thus, Cataldo's motion presents the question of whether the Court must convene a new sentencing hearing, or may simply reconsider Cataldo's sentence on the papers.  Neither party has cited any authority or, indeed, even addressed the question.  Cataldo summarily requests a new sentencing hearing, Doc. No. 91 at 3, and urges the Court to impose a new lower sentence of 83 months, Doc. No. 109 at 1.  The government urges the Court to reconsider its sentence, but

---

[1]Roberson presented a different question – whether a defendant may obtain relief pursuant to § 2255 after vacating a state conviction which formed the basis for a 21 U.S.C. § 851 enhancement in light of the procedures available under that section to challenge in federal court the constitutionality of a prior state conviction, a procedure not available under the Guidelines. 684 F. Supp. 2d at 181.

impose the same 95 month sentence without a hearing.  Doc. No. 99 at 8-12.  Neither side's papers address whether or when a district court must convene a second in-court sentencing proceeding in this context.

In a similar case in which a defendant moved for resentencing pursuant to Mateo due to his success in vacating a prior state-court conviction, the Court declined to resentence, ruling that at the original sentencing it had "specifically stated" that "even if it disregarded six criminal history points that were awarded with respect to the contested convictions" the sentence the Court then imposed would still fall within the adjusted guideline range.  Skillman v. United States, 800 F. Supp. 2d 352, 353 (D. Mass. 2011) (Gorton, J.).  "As a result, the Court conclude[d] that the recent vacatur of [the defendant's] state court conviction [had] no bearing on th[e] Court's sentence and resentencing is unwarranted."  Id.

Unlike Skillman, however, this case appears to lack such an express finding at the time of sentencing.  In addition, the prior conviction here elevated Cataldo's to a higher criminal history category.  Thus, unless the Court concludes that neither the conviction nor its associated impact on the applicable guidelines calculations had any bearing on the Court's original sentence determination, I recommend that the Court ALLOW the Motion to Correct the sentence, schedule a sentencing hearing, and resentence Cataldo in light of the revised record to whatever sentence the Court deems proper.[2]  I make this recommendation because a sentencing proceeding is the

---

[2]The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the

established procedure for determining the lawful, appropriate sentence for a defendant in a criminal case.

       /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).